UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK SMITH, JR.,

    Defendant.

                                   /

Case No. 1:23-cr-138

Hon. Hala Y. Jarbou
Chief United States District Judge

**DEFENDANT'S SENTENCING MEMORANDUM**

Now comes the defendant, Derrick Smith, Jr., by his counsel, James Stevenson Fisher, Assistant Federal Public Defender, and submits this Sentencing Memorandum. The defense agrees with probation in the scoring of the guidelines in this case. The government's position as noted in the PSR (ECF No. 28, PageID.78-79) is not supported by the objective facts. To the extent that there is any reasonable dispute about them, these should be resolved in favor of the defendant.

**I.  Introduction**

Never to attribute to malice that which can be adequately explained by foolishness. *See generally Liberty Life Assur. Co. of Bos. v. Devillalvilla*, No. 6:12-CV-1320-ORL-37, 2014 WL 309084, at *5 (M.D. Fla. Jan. 28, 2014). But that is precisely the government's preferred view of the facts in this case. Despite the differing views of both the defense and the probation officer, the government urges the Court to attribute the specific intent to assault one or more individuals to the objectively thoughtless acts of Mr. Smith. Contrary to the government's

assertions, these actions are fully and adequately explained by the poor decision making that Mr. Smith has readily admitted. The Court should overrule the government's objection to the scoring of the guidelines in this case and sentence Mr. Smith to a sentence at the low end of the guidelines range as recommended by probation. (ECF No. 28, PageID.80). Such a sentence would be consistent with the statutory requirements set forth in 18 U.S.C. § 3553(a).

## II. Legal Discussion

The sentencing guidelines are merely the starting point for the sentencing process. Under *United States v. Booker*, 543 U.S. 220 (2005), this Court shall consider several factors when determining a defendant's sentence. After correctly calculating the advisory guidelines sentence range, and "after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the [18 U.S.C.] § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007).

As explained in *Kimbrough v. United States*, 552 U.S. 85, 101 (2007), 18 U.S.C. § 3553(a) contains an overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals set forth in § 3553(a).

> **(1) Nature and circumstances of the offense and the history and characteristics of the defendant;**

1. *Offense conduct*

Mr. Smith was riding around in a car with several individuals. One of those individuals, for reasons unknown to this attorney, had several legally owned firearms in the vehicle. (ECF No. 28, PageID.65). At least two of the individuals in the vehicle, Mr. Smith among them, were not legally able to possess firearms. Mr. Smith was impaired at the time; as noted

elsewhere, Mr. Smith has been a consistent marijuana user throughout his life. (ECF No. 28, PageID.74). Mr. Smith took the weapon from another individual in the car whom he believed was behaving in a dangerous manner with it while they were driving. (ECF No. 28, PageID.66, Paragraph 19). He then – quite foolishly – brought the firearm into a convenience store.

The facts giving rise to the charges here are fully set forth by the probation officer in the factual recitation. (ECF No. 28, PageID.64-65). Particularly relevant to the government's objection, the facts set forth in Paragraph 12 detail the objective evidence in this case. The government disputes this evidence, contending that Mr. Smith "pointed the gun at the store clerk." As set forth in the factual basis, the store clerk reported that he never saw the firearm, and the evidence does not support the government's assessment that Mr. Smith engaged in any sort of assaultive behavior with the firearm. While the government suggests that its preferred facts are determinative here, the government makes no mention of the elements of the crime of assault, or how the evidence in this case fits the offense. In Michigan, an assault requires the specific intent to either injure or to make someone reasonably fear an imminent battery. (See M Crim JI 17.9 -Assault with a Dangerous Weapon). At common law, an assault required the specific intent to, at a minimum, put someone in imminent fear that unlawful force is going to be used against the person. The government argues that the manner in which Mr. Smith carried the firearm in the store somehow suffices to prove the specific intent to commit an assault by a preponderance of the evidence, but fails to articulate what facts give rise to this belief when it is expressly contradicted by the witness statements provided to police at the time of the incident giving rise to these charges, and when the objective evidence belies the contention. The Court should overrule the government's objection.

3

    *2.   History and characteristics of the defendant*

Mr. Smith does not come before this Court with an unblemished record. He has spent time in prison. As noted in the PSR, and like many young men who come before this Court, Mr. Smith had no relationship with his father and has never met him in person. Mr. Smith includes a letter from his mother for the Court's consideration. (See Attachment: Character Letter).

The defense believes that Mr. Smith struggles with mental health disorders. He has only recently begun basic treatment for these issues. As noted in the PSR, Mr. Smith suffers from PTSD, anger management, and significant depression. (ECF No. 28, PageID.73-74). At times during Mr. Smith's post-remand interactions with counsel, Mr. Smith has been effectively incapable of communicating with counsel due to obvious signs of mental health distress.

Mr. Smith is in significant need of mental health interventions while under any custodial sentence and during any term of supervision. Counsel recommends that Mr. Smith be referred to the nonresidential or residential drug abuse programs in light of his lengthy substance abuse issues, which played a significant role in the commission of this offense. Mr. Smith would also likely benefit from cognitive-behavioral programs available in the BOP, such as the Resolve Program, which is specifically designed to address any trauma-related mental health needs of inmates. Mr. Smith might also benefit from the Bureau Rehabilitation and Values Enhancement Program, as this is his first federal sentence and he meets the age requirements.

4

      **(2)**     **The need for the sentence imposed--**

          **(A)**    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
          **(B)**    to afford adequate deterrence to criminal conduct;
          **(C)**    to protect the public from further crimes of the defendant; and
          **(D)**    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Mr. Smith is facing a serious sentence for foolish and thoughtless conduct involving firearms. Probation recommends a 48-month sentence, or four years in prison. Such a sentence is likely more than sufficient to achieve the purposes of sentencing in light of the underlying facts. A four-year prison sentence certainly vindicates the law, and adequately reflects the seriousness of the conduct here. It also incapacitates Mr. Smith for a significant period, and places him under Court scrutiny for an equally significant term following his release.

      **(3)**     **The kinds of sentences available;**

The count of conviction carries no mandatory minimum sentence. The Court is legally permitted to impose a probationary term of between one and five years. Should the Court determine that incarceration is warranted, the Court can impose any sentence up to fifteen years. The Court may impose a supervised release term of up to three years, and the Court is permitted to fine Mr. Smith at any amount up to $250,000.

      **(4)**     **The kinds of sentence and the sentencing range established for the category of offense committed by . . . the offender . . .**

The correctly scored sentencing guidelines recommend a range of custody between 46 and 57 months, and a term of supervised release to follow at between one and three years. Under the rules provided by the Sentencing Commission's guidelines, Mr. Smith is not eligible

for probation because he is in Zone D of the sentencing table.  However, the Court is legally permitted to impose such a sentence notwithstanding the guidelines' admonition.

> **(5)** **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

None identified.

> **(6)** **The need to provide restitution to any victims of the offense.**

Restitution is not applicable in this case.

### III.  Conclusion

Mr. Smith acted foolishly and without thought.  He carried a firearm into a store in a manner that clearly indicates that he did not consider the consequences of his actions.  He did not rob anyone, he did not assault anyone.  At no point did he intentionally put any person in fear of imminent bodily harm.  What he did is supremely foolish, but it is not evil.  The Court's sentence here should reflect the objective facts, not the preferences of the prosecution.  A four-year prison sentence followed by supervision by this Court sufficiently addresses the purposes of sentencing without excessively punishing Mr. Smith for his actions.

Respectfully submitted,

SHARON A. TUREK
Federal Public Defender

Dated:  June 18, 2024

/s/ James Stevenson Fisher
JAMES STEVENSON FISHER
Assistant Federal Public Defender
50 Louis NW, Suite 300
Grand Rapids, Michigan 49503
(616) 742-7420